UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLIFFORD L. DUGAS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-6880** |
| **LINDA G. COLLINS, ET AL.** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is the Defendants' Motion for Summary Judgment (Rec. Doc. 17). The Court heard oral argument and took this matter under submission. For the following reasons, the Defendants' motion is now GRANTED.

**I.   BACKGROUND**

On August 24, 2006, Clifford Dugas filed suit in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, against State Farm and his insurance agent Linda Collins ("Defendants"). Dugas alleges that Collins negligently failed to "transfer" a Standard Flood Insurance Policy ("SFIP"), which was issued to him pursuant to the National Flood Insurance Program ("NFIP"),[1] from a property he previously owned at 443 Parlange Street in Pearl River, Louisiana to a property he subsequently moved into at 303 Intrepid Drive in Slidell, Louisiana, and that he suffered uninsured losses during Hurricane Katrina as a result. The case was subsequently removed to this Court and the Defendants now seek summary judgment on

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

Dugas's claims.

The flood insurance policy on the Parlange Street property was originally issued to Clifford and Donna Dugas in 1997 and was renewed annually. In December 2004, they were divorced, and Clifford Dugas became the sole owner of the Parlange property. On August 8, 2005, Clifford Dugas sold the Parlange property and moved into the Intrepid Street property in Slidell, which was rented by his then-girlfriend Christine Balducci (they are now married). Dugas moved some of his belongings into the Intrepid property and also placed some of his belongings into a nearby storage unit. Shortly after the closing on the Parlange property, Dugas visited his insurance agent's office and sought renter's insurance for the Intrepid property and a "transfer" of his flood insurance coverage to the Intrepid property. Although the exact statements that were made during this visit are in some degree of dispute, it is undisputed that Dugas filled out an application for renter's insurance at the time but did not sign any documents relating to flood insurance. Approximately two weeks later, on Saturday, August 27, 2005, as Hurricane Katrina churned in the Gulf of Mexico, Dugas and Balducci moved items from the storage unit into the Intrepid property, believing the structure was fully insured, and then evacuated the area.

## II.   LAW & ANALYSIS

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys.,*

*Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Relying upon *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947) and *Heckler v. Community Health Services. of Crawford County, Inc.*, 467 U.S. 51 (1984), the Defendants argue that Dugas is responsible for knowing the terms and conditions of his national flood policy, including the fact that an existing policy cannot be "transferred" to another property and that a written application must be completed and a premium must be paid in advance of a new policy becoming effective.  Indeed, the Plaintiff is charged with constructive knowledge of these provisions of the NFIP program "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence."  *Merrill*, 332 U.S. at 385; *see also Larmann v. State Farm Ins. Co.*, No. 03-2993, 2005 WL 357191, at *4 (E.D. La. Feb. 11, 2005) ("[T]he insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely the SFIP itself and federal statutes and regulations) (quoting *Richmond Printing L.L.C. v. Director FEMA*, 72 Fed. App'x 92 (5th Cir. 2003)).  Therefore, to the extent that Dugas relied on his agent to "transfer" his national flood policy or to issue a new policy without an application or payment of the initial premium, such reliance was unreasonable as a matter of law.  *See Cousins v. Allstate Ins. Co.*, No. 06-481, 2007 WL 496621 (E.D. La. Feb. 9, 2007).[2]

---

[2]  The Court notes that even if Collins had issued a new national flood insurance policy to Dugas on August 8, 2005, the policy would not have taken effect until after Hurricane Katrina struck in light of the thirty-day waiting period imposed by the NFIP.  *See* 42 U.S.C. § 4013(c)(1) ("[C]overage under a new contract for flood insurance . . . shall become effective upon the expiration of the thirty-day period beginning on the date that all obligations for such coverage

### III.     CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Defendants' Motion for Summary Judgment (Rec. Doc. 17) is GRANTED and that Dugas's claims are hereby DISMISSED WITH PREJUDICE.  An appropriate judgment will follow.

New Orleans, Louisiana, this 22nd day of   October  , 2007.

_____
UNITED STATES DISTRICT JUDGE

---

(including completion of the application and payment of any initial premiums owed) are satisfactorily completed.").